UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS LEWIS JONES,

       Petitioner,                        Case No. 2:16-cv-10821

v.                                       HONORABLE STEPHEN J. MURPHY, III

JEFFREY WOODS,

       Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION TO DISMISS
PETITION [8] AND DENYING CERTIFICATE OF APPEALABILITY**

Curtis Lewis Jones is confined at the Chippewa Correctional Facility in Kincheloe, Michigan and seeks habeas relief pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the petition as untimely filed and for containing only unexhausted claims. For the following reasons, the Court will dismiss the petition without prejudice.

**BACKGROUND**

On November 1, 2004, Jones pleaded guilty to being a prisoner in possession of contraband, Mich. Comp. Laws § 800.283(4). On December 6, 2004, he was sentenced to one year and one day to five years in prison. He did not directly appeal the conviction. He claims he filed a motion for appointment of appellate counsel on July 7, 2005, but such a motion was not entered on the trial court's docket. On May 27, 2015, he filed a motion for relief from judgment in the trial court. The motion remains pending. On July 6, 2015, he filed a complaint for superintending control in the Michigan Court of Appeals. The court dismissed the action because Jones had an outstanding balance in a prior civil case. ECF

No. 9-3. Jones applied for leave to appeal that decision in the Michigan Supreme Court, but the application was dismissed when Jones failed to pay the filing fee. ECF No. 9-4.

Jones filed the instant petition on March 1, 2016.[1] In it, he claims he was denied his right to the appointment of appellate counsel, and the court failed to advise him of his appellate rights; his pre-sentence investigation report ("PSIR") improperly lists four juvenile adjudications obtained in the absence of counsel; and his trial attorney was ineffective for failing to object to the probation department's failure to produce the PSIR before sentencing, the trial court's failure to notify Jones of his appellate rights, and Michigan's statutory scheme declining appointed counsel for indigent defendants in guilty plea cases.

## DISCUSSION

Respondent argues that the petition should be dismissed on exhaustion grounds or denied as untimely. The Court need only address exhaustion. State prisoners must "exhaust" their claims in the state courts before raising them in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). The petitioner bears the burden to prove exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012)

Jones has yet to complete a full round of the state appellate process: he raised a denial of appellate counsel claim in a motion for relief from judgment that the state trial court has yet to address. Because a favorable state court decision could moot the questions presented in Jones's habeas petition, the state courts must have an opportunity

---

[1] The petition was docketed on March 7, 2016. Because Jones is a prisoner proceeding *pro se*, the petition is considered filed on March 1, 2016, when it was dated and signed. *Williams v. Birkett*, 670 F.3d 729, 732 n.1 (6th Cir. 2012).

to address the claims. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citations omitted). Such circumstances call for a non-prejudicial dismissal of the petition. The Court need not address the timeliness argument at this time.

## CERTIFICATE OF APPEALABILITY

To appeal the Court's decision, a habeas petitioner must obtain a Certificate of Appealability (COA) by making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). The petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Because reasonable jurists would not debate the Court's conclusion here, a COA is denied.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Respondent's Motion to Dismiss [8] is **GRANTED** for failure to exhaust state court remedies. The petition is **DISMISSED WITHOUT PREJUDICE**, and a Certificate of Appealability is **DENIED**.

**SO ORDERED**.

                                                                         s/Stephen J. Murphy, III  
                                                                         STEPHEN J. MURPHY, III  
                                                                         United States District Judge

Dated: February 8, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 8, 2017, by electronic and/or ordinary mail.

                                                                         s/David P. Parker  
                                                                         Case Manager